**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CIVIL ACTION NO.: 4:09CV-64-M**

**ROBERT HIGDON**                                                          **APPELLANT**

**v.**

**TIRE RECYCLING, INC.**                                                   **APPELLEE**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on Higdon and Higdon Trucking Company's appeal of the bankruptcy court's final order denying their motion to vacate or enforce an Agreed Order Dismissing Settled ("Agreed Order").  Fully briefed, this matter is ripe for decision.

**I. BACKGROUND**

On September 26, 2007, Appellee, Tire Recycling, Inc. ("TRI"), filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code.  On October 5, 2007, TRI initiated an adversary proceeding against Appellant, Higdon, seeking the turnover of certain property pursuant to § 542 of the Bankruptcy Code.  TRI alleged that Higdon, in violation of the automatic stay, removed a 1994  Ford roll-off truck in which TRI claimed a legal and equitable ownership interest.  Higdon, along with his Co-Appellant, Higdon Trucking, Inc. ("Higdon Trucking"), filed a counterclaim against TRI and third-party claims against Kenny Frazier and Tire Recycling Containers ("TRC")[1] seeking TRC's dissolution and an equitable distribution of the partnership's assets and debts.

---

[1]        TRC was a partnership formed between Higdon Trucking and TRI.

The bankruptcy court set the matter for a September 8, 2008 trial.  On the eve of trial, the parties notified the court that they had reached a settlement.  The trial was remanded from the court's docket and on September 11, 2008, the court entered the Agreed Order dismissing the matter as settled.  In pertinent part, the Agreed Order provided:

> **IT IS HEREBY ORDERED** that (i) Tire Recycling, Inc. shall return to Higdon Trucking, Inc. the four (4) containers purchased by Higdon Trucking, Inc.; (ii) Tire Recycling, Inc. shall retain possession of the three (3) containers which it purchased; (iii) the remaining containers purchased by Tire Recycling Containers shall be equally divided between Tire Recycling, Inc. and Higdon Trucking, Inc.; and (iv) Higdon Trucking Inc. shall retain the double roll-off trailer; and (v) Tire Recycling, Inc. will retain the 1994 roll-off truck.

(DOR[2] 32 at 1.)  Approximately two months later, the Appellants requested that the adversarial proceeding be reopened.  They argued that, because Appellees willfully and intentionally failed to equally divide the remaining containers purchased by TRC, the Agreed Order should be set aside pursuant to Fed. R. Civ. P. 60(b)(6).  In the alternative, the Appellants requested that the court enforce the Agreed Order.  The Appellees did not oppose the motion to the extent it would require the Appellants to return the 1994 Ford roll-off truck to TRI's bankruptcy estate.

The bankruptcy court, after conducting a hearing on the matter, (1) granted the Appellants' motion to reopen the proceeding; (2) ordered Higdon to return the 1994 Ford roll-off truck in compliance with the Agreed Order[3]; and (3) ordered a subsequent hearing as to whether the court should enforce the remaining terms of the Agreed Order.  (DOR 40 at 1-2.)

---

[2]      All references to "DOR" are to the bankruptcy court's docket entries as identified by the parties in their Designation of Record on Appeal.

[3]      Although unclear from the record, it appears that Higdon complied with the bankruptcy court's order.

That hearing, upon request of Appellants' counsel, was continued three times to June 22, 2009. After the third continuance, the bankruptcy court warned the parties that no more continuances would be granted absent exceptional circumstances.  (DOR 47 at 1-2.)  On June 18, 2009, Appellants' counsel requested a fourth continuance indicating that Higdon had suffered a heart attack.  Rather than continue the hearing, the bankruptcy court reviewed the Appellants' motion and the exhibits tendered by the parties.  The court concluded that no hearing was necessary as the terms of the Agreed Order were clear and unambiguous and there were no "sufficient grounds to warrant setting aside the" Agreed Order under Fed. R. Civ. P. 60(b)(6).  (DOR 65 at 2-3.)  This appeal followed.

## II.  DISCUSSION

The Appellants contend that the bankruptcy court's decision to deny their motion to set aside or to enforce the Agreed Order was an abuse of discretion.  They contend that the bankruptcy court was required to vacate the Agreed Order and set the matter for trial or to compel the Appellees' obedience with the requirements of the Agreed Order.

### A.

The Court will first address the Appellants' contention that the bankruptcy court abused its discretion by denying their motion to set aside the Agreed Order pursuant to Fed. R. Civ. P. 60(b).

### i.

As an initial matter, the Appellees contend that the Court does not have jurisdiction to review the merits of this portion of the bankruptcy court's decision.  They argue that the

3

Appellants were required to appeal entry of the September 11, 2008 Agreed Order–in which case their appeal is untimely–but instead sought relief through a post-judgment motion on November 21, 2008, and appealed the denial of that motion. However, it is well settled that "[a] timely appeal may be taken . . . from a ruling on a Rule 60(b) motion." Browder v. Director, Dep't of Corr., 434 U.S. 257, 263 n.7 (1978). So long as a motion under Rule 60(b)(6) is made within a reasonable time, see Fed. R. Civ. P. 60(c)(1), the bankruptcy court has the power to provide relief from the final judgment and the appellate court has the power to review that decision. An appeal from the denial of such a motion, however, "does not bring up the underlying judgment for review." Id. (citation omitted). Instead, the appellate court "review[s] the ruling only for abuse of discretion[.]" Id. (citation omitted).

ii.

Rule 60(b) provides that the court may relieve a party from a final judgment, order, or proceeding for any reason that justifies relief. Fed. R. Civ. P. 60(b)(6). By requesting relief pursuant to Rule 60(b), the Appellants were essentially seeking to be relieved of their duty to comply with the terms of the settlement agreement as incorporated into the Agreed Order. Instead, they wanted the matter set "for trial so the parties [could] proceed to litigate all issues before the Court." (DOR 36 at 3.)

A trial court's denial of post-judgment relief under Rule 60(b)(6) is reviewed for abuse of discretion. See Burrell v. Henderson, 434 F.3d 826, 831 (6th Cir. 2006) (citing In re Walter, 282 F.3d 434, 440 (6th Cir. 2002)). But the court's discretion is not unfettered. Rather, it is "'circumscribed by public policy favoring finality of judgments and termination of litigation.'"

4

Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir.
2001) (quoting Waiferson Ltd., Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir.
1992)).  This is especially true when a party seeks relief pursuant to clause (6) of Rule 60(b)
which may be granted "only in exceptional or extraordinary circumstances" and only in
"unusual and extreme situations where principles of equity *mandate* relief."  Olle v. Henry &
Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original).  A finding of an abuse
of discretion "requires 'a definite and firm conviction that the trial court committed a clear error
of judgment.'"  Blue Diamond, 249 F.3d at 524 (quoting Davis v. Jellico Cmty. Hosp., 912 F.2d
129, 133 (6th Cir. 1990)).

Here, the bankruptcy court did not abuse its discretion in refusing to set aside the Agreed
Order.  Assuming *arguendo* that the Appellees breached the terms of the settlement agreement,
"that is no reason to set the judgment of dismissal *aside*, although it may give rise to a cause of
action to *enforce* the agreement."  Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)
(emphasis in original) (finding that extraordinary circumstances to set aside a judgment do not
exist for breach of a settlement agreement where the party may file an "action on the settlement
agreement itself"); see also Collins v. Ford Motor Co., No. 3:97cv757 (PCD), 2007 WL 911896,
at *3 n.5 (D. Conn. Mar. 22, 2007) (breach of settlement agreement is an insufficient reason to
set aside a judgment especially where the party seeking such relief has also sought to enforce
the settlement agreement); Ford Motor Co. v. Mustangs Unlimited, Inc., 487 F.3d 465, 469 (6th
Cir. 2007) ("a breach of a settlement agreement does not, without more, constitute an
exceptional or extraordinary circumstance warranting relief under Rule 60(b)(6)").  As the

5

Appellants actually sought to enforce the Agreed Order, it can hardly be said, as they argue, that "substantial justice" could only be achieved by vacating the Agreed Order.  See G.G. Marck & Assocs., Inc. v. Peng, 309 F. App'x 928, 935 (6th Cir. 2009) (unpublished) (Rather than vacating a settlement agreement, the trial "court should normally seek to enforce a settlement"). The only thing that could be achieved by vacating the Agreed Order would be allowing the Appellants to escape a freely negotiated settlement.  To allow this merely because a party has allegedly breached the agreement would be contrary to the judiciary's "policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation."  Kukla v. Nat'l Distillers Prods. Co., 483 F.2d 619, 621 (6th Cir. 1973) (citation omitted).  Therefore, the bankruptcy court's order denying the Appellants' motion to set aside the Agreed Order pursuant to Rule 60(b) is **AFFIRMED**.

## B.

The bankruptcy court's denial of the Appellants' motion to enforce the Agreed Order is likewise reviewed for an abuse of discretion, and will only be reversed if this Court has "'a definite and firm conviction that the trial court committed a clear error of judgment.'"  Blue Diamond, 249 F.3d at 524 (quoting Davis, 912 F.2d at 129); see also Prisoners Progress Ass'n v. Johnson, 948 F.2d 1290 (table), 1991 WL 235757, at *1 (6th Cir. 1991) ("A district court's decision to . . . enforce a consent decree is reviewed under the abuse of discretion standard") (citation omitted); Therma-Scan, Inc. v. Thermoscan, Inc., 217 F.3d 414, 419 (6th Cir. 2000) ("we . . . will utilize the abuse of discretion standard in reviewing the district court's decision to grant the motion to enforce the settlement based on its preliminary factual finding").

6

i.

As a threshold matter, the Court must determine what terms of the settlement agreement, if any, the bankruptcy court had jurisdiction to enforce.  Because federal courts are courts of limited jurisdiction, they "possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citation omitted). "Enforcement of the settlement agreement, . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Id. at 378.  Courts may, for instance, rely upon ancillary jurisdiction–"which recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them"–to enforce settlement agreements, see id., so long as doing so is necessary for the court "to manage its proceedings, vindicate its authority, and effectuate its decrees," id. at 380 (citation omitted).

An order that simply dismisses a suit after the parties reach a settlement–"a disposition that is in no way flouted or imperiled by the alleged breach of the settlement agreement"–does not support an independent basis for federal-court jurisdiction over the contract dispute. Id. at 380-81.  But the Court may exercise ancillary jurisdiction to enforce a settlement agreement "if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal." Id. at 381.  This can be accomplished through a separate provision retaining jurisdiction over the settlement agreement or by incorporating the terms of the settlement agreement into the order. Id.  Only then would "a breach of the agreement . . . be a

violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." Id.

Here, the bankruptcy court expressly incorporated the disputed terms of the settlement agreement into the Agreed Order dismissing the adversary proceeding.  Specifically, the court ordered that "the remaining containers purchased by Tire Recycling Containers shall be equally divided between Tire Recycling, Inc. and Higdon Trucking, Inc."  (DOR 32 at 1.)  The Appellees contend, however, that the Appellants are attempting to enforce terms that were not part of the settlement.  See McAlpin v. Lexington 76 Auto Truck Stop, Inc., 229 F.3d 491, 504 (6th Cir. 2000) (holding that a court does not have ancillary jurisdiction to enforce terms of a settlement agreement that were not incorporated into the order of dismissal).  They point out that the Agreed Order "deals with proportionate division . . ., but it does *not* specify a numeric quantity of property . . . ."  (Appellees' Br. at 11.)  If the Appellants had requested that the bankruptcy court *modify* the agreement, then the Appellees' argument may have merit.[4]  See Vogel v. City of Cincinnati, 959 F.2d 594, 598 (6th Cir. 1992) ("A consent decree, although in effect a final judgment, is a contract founded on the agreement of the parties" and "should be construed to preserve the position for which the parties bargained") (citations omitted); Brown v. County of Genesee, 872 F.2d 169, 173 (6th Cir. 1989) ("It is well established that a court must enforce the settlement as agreed to by the parties and is not permitted to alter the terms of the agreement") (quotation omitted).  Under such circumstances it would be improper for the

---

[4]     It does appear that the Appellants attempted to litigate certain issues that had already been settled.  In their trial brief before the bankruptcy court, for example, one issue they listed for trial was "the equitable distribution of roll-off containers[.]" (DOR 61 at 2.)

court to equitably divide the containers as the Appellants originally sought in their counterclaim. However, by asking the bankruptcy court to *enforce* the Agreed Order, the Appellants were asking the court to take any steps that were necessary to carry out the decree as written. Therefore, the Court finds, contrary to the position of the Appellees, that the bankruptcy court had jurisdiction to enforce the disputed terms of the settlement agreement, at least to the extent such request was related to enforcement of terms incorporated into the Agreed Order.

ii.

The Appellees also suggest that this portion of the Appellants' appeal is untimely. The Court disagrees. This appeal is from a post-judgment proceeding that arose under the bankruptcy court's ancillary jurisdiction to enforce the Agreed Order. Under these circumstances, the post-judgment proceeding is treated "as if it were a free-standing lawsuit[.]" Autotech Techs. LP v. Integral Research & Dev. Corp., 499 F.3d 737, 745 (7th Cir. 2007) (quotation omitted). The bankruptcy court's denial of the Appellants' motion was a final order from which an appeal lied, see id., and the Appellants timely appealed that order.

iii.

Having concluded that the bankruptcy court had jurisdiction to enforce the terms of the agreement, the Court must now determine whether declining to exercise that jurisdiction was an abuse of discretion. "An Agreed Order is akin to a consent decree." In re Mounce, No. SA-08-CA-816-XR, 2009 WL 2767134, at *7 (W.D. Tex. Aug. 26, 2009). Both are "a strange hybrid in the law" where parties enter "a voluntary settlement agreement which could be fully effective without judicial intervention and a final judicial order placing the power and prestige

of the court behind the compromise struck by the parties." <u>Vanguards of Cleveland v. City of Cleveland</u>, 23 F.3d 1013, 1017 (6th Cir. 1994) (quotations and internal markings omitted).  In essence, "a consent decree is a settlement agreement subject to continued judicial policing." <u>Id.</u> (quotation omitted).  "Once approved, the prospective provisions of the consent decree operate as an injunction" which "*compels* the approving court to . . . protect the integrity of the decree with its contempt powers . . . ." <u>Id.</u> at 1018 (emphasis added).  And before a court may close a case governed by a consent decree, the court must "address[] pending claims that [a party] ha[s] violated the decree." <u>Youngblood v. Dalzell</u>, 925 F.2d 954, 958 (6th Cir. 1991) (citation omitted); <u>see also</u> <u>G.G. Marck</u>, 309 F. App'x at 934 (the trial "court should hesitate to decline to enforce a working settlement agreement"); <u>Aro Corp. v. Allied Witan Co.</u>, 531 F.2d 1368, 1371 (6th Cir. 1976) ("The court below had not only the inherent power but, when required in the interests of justice, *the duty* to enforce the agreement which had settled the dispute pending before it") (emphasis added).

The bankruptcy court, by dismissing the matter without addressing the Appellants' claim that the Appellees violated the Agreed Order, abused its discretion.[5]  Having incorporated the terms of the settlement agreement into a court order, the bankruptcy court placed its power and prestige behind the compromise struck by the parties, and was "compelled" to protect the integrity of its order.  It did so, in part, by requiring the Appellants to comply with their

---

[5]     The Appellees suggest that by turning over five containers, they have already complied with the terms of the Agreed Order and there is nothing left to enforce.  That may very well be the case, but this Court is unable to make that determination without a factual finding by the bankruptcy court as to the number of containers that remained or without a finding that the Appellees have complied with the terms of the Agreed Order.

obligations under the Agreed Order thereby giving the Appellees the benefit of their bargain. It also ordered the exchange of five containers that were uncontested by the Appellees. But because the terms of the Agreed Order were clear and unambiguous, the bankruptcy court found no reason to determine whether the Appellees were required to turn over more containers. Finding the terms of a settlement agreement to be clear and unambiguous, however, is not necessarily a reason to deny an enforcement request, and may, instead, give the trial court, in the absence of a "substantial factual dispute," the power to "[s]ummar[ily] enforce[] . . . the settlement . . . as a matter of law." Aro Corp. v. Allied Witan Co., 531 F.2d 1368, 1372 (6th Cir. 1976). And when a "substantial factual dispute" does exist, the court must conduct an evidentiary hearing to resolve that dispute. Id. (citation omitted). Insofar as the bankruptcy court found no reason to enforce the Agreed Order merely because its terms were clear and unambiguous, it committed an error of law, which, by definition, is an abuse of discretion.[6] See United States v. Lawrence, 555 F.3d 254, 261 (6th Cir. 2009) ("An error of law is by definition an abuse of discretion") (citation omitted); see also Vanguards, 23 F.3d at 1018 (courts are compelled to protect the integrity of its decrees); Aro Corp, 531 F.2d at 1372 (holding that summary enforcement of a settlement was determinable as a matter of law). Therefore, that portion of the bankruptcy court's opinion is **REVERSED**. On remand, the bankruptcy court, after conducting an evidentiary hearing if one is warranted, should take any steps that are

---

[6] There may have been other reasons for the bankruptcy court to deny the Appellants' enforcement request. For instance, it may have been clear that the Appellees were only required to turn over five containers. But because there is no such a finding by the bankruptcy court, such a determination by this Court would be speculative, at best.

necessary to protect the integrity of the Agreed Order.[7]

C.

The Appellees also argue that Higdon Trucking, the only party that had a right to enforce the Agreed Order, abandoned its appeal by not filing a brief in this matter.  The Appellees are correct in noting that Higdon Trucking was not listed as a party on the Appellants' brief.[8]  And it is probably true that Higdon, the only party on Appellants' brief, lacks standing to assert the rights of Higdon Trucking on appeal.  See Nicholson v. Ticketmaster, 42 F. App'x 696, 697 (6th Cir. 2002) (unpublished) ("an action to redress injuries by a corporation cannot be maintained by a stockholder in his own name") (citing Canderm Pharm., Ltd. v. Elder Pharm., Inc., 862 F.2d 597, 602-03 (6th Cir. 1988)).  But that does not necessarily imply that Higdon Trucking abandoned its appeal rights.  Filing a brief, unlike filing a notice of appeal, is not jurisdictional, see In re Beverly Mfr. Corp., 778 F.2d 666, 667 (11th Cir. 1985) (citing In re Winner Corp., 632 F.2d 658 (6th Cir. 1980)), and here, where Higdon Trucking joined Higdon in filing a timely notice of appeal, the Court does not find that dismissal is warranted.

---

[7]     This is not to say that upon remand it will be necessary for the bankruptcy court to enforce the agreed order.  If, for example, the bankruptcy court should find that neither party has breached the terms of the agreed order, then there is nothing to enforce.

[8]     It appears that the failure to name Higdon Trucking on Appellants' brief was a clerical error on the part of counsel for the Appellants.  Certainly, the better practice would have been for the Appellants to correct this error upon receiving the Appellees' brief.  But under the circumstances of this case, Higdon's brief mirrors the brief that would have been filed by Higdon Trucking and the Appellees were not prejudiced by the failure of Higdon Trucking to be named as an Appellant on the brief.

### III.  CONCLUSION

Accordingly, the bankruptcy court's order is **AFFIRMED in part** and **REVERSED in part**.  The matter is **REMANDED** for further proceedings consistent with this opinion.

cc:     Counsel of Record
        USBC Judge Stosberg
        USBC Clerk WD/KY

13